

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*1000 Lafayette Blvd, 10th Floor*          *(203) 696-3000*
*Bridgeport, Connecticut 06604*          *Fax (203) 579-5550*

May 4, 2011

Robert Targ, Esquire
Diaz Reus & Targ, LLP                    3:11cr 76 (SRU)
2600 Miami Tower
100 SE 2nd Street
Miami, Florida 33131

Re:   **United States v. Juan Carlos Guillen Zerpa**
      **Criminal No.**

Dear Mr. Targ:

This letter confirms the plea agreement between your client, Juan Carlos Guillen Zerpa (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to waive his right to be indicted and to plead guilty to a one-count Information charging him with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k). He understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1.   That two or more persons entered into an agreement to obstruct an official proceeding;

2.   That the defendant knowingly participated in the conspiracy with the specific intent to commit the offense that was the object of the conspiracy; and

3.   That during the course of the conspiracy, one of the members of the conspiracy committed an overt act in furtherance of the objectives of the conspiracy.

*Robert Targ, Esquire*
*May 4, 2011*
*Page 2*

## THE PENALTIES

This offense carries a maximum penalty of 20 years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663 and/or § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663 and § 3663A, including any and all costs incurred by, among others, the U.S. Securities and Exchange Commission, the business advisers and the receiver appointed in the case of *SEC v. Illarramendi*, 3:11CV78 (JBA) (District of Connecticut) (the "SEC Civil Action"), and/or the United States District Court for the District of Connecticut in connection with the SEC Civil Action, attributable to the defendant's conspiracy to obstruct an official proceeding. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Robert Targ, Esquire
May 4, 2011
Page 3

Forfeiture

The defendant understands that, as a result of his entry of a guilty plea to the Information, he may be subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Such forfeiture may include, but not be limited to, all right, title, and interest he maintains in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1512(k) and/or a sum of money equal to the total amount of proceeds obtained as a result of the offense. Moreover, he further understands that, if any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant in the total amount of $250,000. The United States further will seek forfeiture of any other amounts the defendant received, either directly or indirectly, as a result of the aforementioned violation, up to a total of $1,250,000, should the evidence show that the defendant received more than the $250,000 referenced in the immediately preceding sentence.

The defendant expressly agrees to forfeit to the government and waive any and all right, title, interest and claims he may have in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the transfers of $1 million on or about January 24, 2011 and $250,000 on or about February 1, 2011 into an account in the name of JEISLO Real Estate Investments LLC ending in 9422 at Bank of America. This includes his agreement to forfeit and waive any and all right, title, interest and claims in the following:

> An interest up to the amount of $250,000 transferred on or about February 1, 2011 to an account at Wells Fargo Bank, N.A. with an account number ending in 3377 bearing the name of an entity with the initials FC LLC.

The defendant further agrees to cause any of the aforementioned funds or portion thereof that are under his custody and control to be paid and forfeited to the government on or before the date of sentencing in this case. To the extent the defendant does not have custody and control of these funds at the time of sentencing, the defendant agrees to forfeit to the government at the time of sentencing an amount of $250,000. Moreover, the defendant expressly agrees to waive any right, title, interest and claims in any other amounts received by JEISLO Real Estate Investments LLC in connection with the conspiracy set forth in the Information.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

Robert Targ, Esquire
May 4, 2011
Page 4

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition through the submission of a complete and truthful financial statement. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make the recommendations if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

Robert Targ, Esquire
May 4, 2011
Page 5

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2J1.2(a) is 14. The parties further agree, subject to the defendant's objection as set forth below, that the following enhancements are applicable to the facts of this case: Three (3) levels are added under U.S.S.G. § 2J1.2(b)(2) because the offense conduct resulted in substantial interference with the administration of justice. Two (2) levels are added under U.S.S.G. § 2J1.2(b)(3) because the offense involved the fabrication of a substantial number of records, documents or tangible objects or was otherwise extensive in scope, planning or preparation. Two (2) levels are added under U.S.S.G. § 3B1.3 because the defendant abused a position of trust and used a special skill in a manner that significantly facilitated the commission or concealment of the offense. The defendant objects to the simultaneous application of the three-level enhancement under U.S.S.G. § 2J1.2(b)(2) and the two-level enhancement under U.S.S.G. § 2J1.2(b)(3) and therefore reserves its right to object to the application of the two-level enhancement under U.S.S.G. § 2J1.2(b)(3). The Government opposes this objection and will argue that both enhancements are properly applied in this case. If the Government prevails on this argument, the adjusted offense level will be 21. If, on the other hand, the defendant prevails on this objection, then the adjusted offense level will be 19. Three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of either 18 or 16.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 18, assuming a Criminal History Category I, would result in a range of 27 to 33 months of imprisonment (sentencing table) and a fine range of $6,000 to $60,000, U.S.S.G. § 5E1.2(c)(3). A total offense level 16, assuming a Criminal History Category I, would

Robert Targ, Esquire
May 4, 2011
Page 6

result in a range of 21 to 27 months of imprisonment (sentencing table) and a fine range of $5,000 to $50,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of at least two years but not more than three years. U.S.S.G. § 5D1.2 (a)(2).

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 33 months of imprisonment, a three-year term of supervised release, a fine of $60,000, restitution, and forfeiture as agreed to herein, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed if the sentence is within or above the sentencing range of 27 to 33 months in prison and a fine of $6,000 to $60,000. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

<u>Information to the Court</u>

The Government and the defendant reserve their respective rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

*Robert Targ, Esquire*
*May 4, 2011*
*Page 7*

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned.  The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Robert Targ, Esquire
May 4, 2011
Page 8

<u>Waiver in Right of Immigration Status</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to obstruct an official proceeding, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

Moreover, the defendant acknowledges that if placed in removal proceedings, he will accept a final order of removal and agrees to waive any appeal of his order of removal. The defendant understands that if he enters this plea agreement, any order of removal will likely result in a lifetime bar precluding him from legally reentering the United States at any time.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of

*Robert Targ, Esquire*
*May 4, 2011*
*Page 9*

conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. Moreover, as described above, the defendant may be subject to deportation or removal from the United States as a consequence of his conviction as well as exclusion from admission or readmission to the United States. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in a conspiracy to obstruct an official proceeding by participating in the scheme to manufacture the Fictitious Asset Verification Letter and the fraudulent documents in support of such letters, all of which is referenced in the Information to which he is pleading guilty and forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

*Robert Targ, Esquire*
*May 4, 2011*
*Page 10*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL

PAUL A. MURPHY
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          5/4/11
JUAN CARLOS GUILLEN ZERPA                 Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          5/4/11
ROBERT TARG, ESQ.                         Date
Attorney for the Defendant

<u>STIPULATION OF OFFENSE CONDUCT</u>

The defendant, Juan Carlos Guillen Zerpa, and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

The defendant is a resident and citizen of Venezuela who was the managing partner of a Venezuelan accounting firm associated with a major international accounting firm. In or about late 2010, the defendant agreed with other persons he knew to prepare an asset verification letter that would falsely indicate that a hedge fund being managed in the United States had made outstanding loans to Venezuelan companies. The defendant and others knew that the hedge fund had not made such loans and that the assets represented by these so-called loans did not exist. From late 2010 through March 2011, one of the defendant's co-conspirators worked with other persons to create a fraudulent list of loans and to incorporate this list in an asset verification letter to be signed by the defendant.

In or about January 2011, the defendant executed the false asset verification letter and sent it by email to one of his co-conspirators, who acted as an advisor to the hedge fund. Thereafter, the defendant learned that the false asset verification letter had been supplied to the United States Securities and Exchange Commission ("SEC"). The defendant also learned that the SEC had initiated a civil action against the hedge fund advisor and others. One of the persons against whom the SEC had filed a civil action was one of the defendant's co-conspirators in the creation of the false asset verification letter. In an effort to deceive and mislead the SEC and to prevent the SEC from learning during the civil action that the asset verification letter was false, the defendant and others sought to create fraudulent documentation to falsely support the information contained in the asset verification letter. The defendant also participated in the telephone call with representatives of the SEC in January 2011 in which he intentionally misrepresented that the assertions in the asset verification letter about the existence of the hedge funds' assets were true, when he knew they were false.

The defendant expected to receive a substantial sum of money, estimated to be around $1,000,000, for his willingness to sign the false asset verification letter. As partial payment for the defendant's services in this conspiracy, one of the defendant's co-conspirators caused $250,000 to be transferred to a third party for the benefit of the defendant.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

| | |
|---|---|
| JUAN CARLOS GUILLEN ZERPA | RICHARD J. SCHECHTER |
| The Defendant | SENIOR LITIGATION COUNSEL |
| | |
| ROBERT FARG, ESQ. | PAUL A. MURPHY |
| Attorney for the Defendant | ASSISTANT U.S. ATTORNEY |

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A.  The order of restitution may include:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

  A. Return the property to the owner of the property or someone designated by the owner; or

  B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction;  or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made  a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.