UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA : Crim. No. 3:11CR76 (SRU)

v. :

JUAN CARLOS GUILLEN ZERPA : JUNE 9, 2011

**MOTION ON CONSENT TO MODIFY CONDITIONS OF RELEASE**

The defendant, Juan Carlos Guillen Zerpa, through the undersigned counsel, and with the consent of the United States Attorney's Office for the District of Connecticut, the United States Probation Office for the District of Connecticut and the United States Probation Office for the Southern District of Florida, respectfully moves to modify the conditions of his release as set forth below. In support of this motion, Mr. Guillen Zerpa states as follows:

1. On May 4, 2011, Mr. Guillen Zerpa waived Indictment and entered a guilty plea to a one count Information charging him with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k).

2. Mr. Guillen Zerpa was released on bond with a number of conditions. First, he was required to post an Appearance Bond in the amount of $1,350,000, wholly secured by approximately $800,000 in real estate and $550,000 in cash. Second, three financially responsible persons were required to sign the Appearance Bond and separate Agreements to Forfeit Real Property and Property in the Form of Cash. Third, he is subject to twenty-four (24) hour house arrest in his apartment in Miami with standard limited exceptions. Fourth, he is subject to electronic monitoring under the auspices of the United States Pretrial Services Office in Miami, Florida. Finally, his wife, Rosa Cedeno, is required to act as a third-party custodian.

3. Mr. Guillen Zerpa has fulfilled all of the conditions of his release and has been

wholly compliant with all the terms of his release. Further, since his guilty plea on May 4, 2011, Mr. Guillen Zerpa has traveled to Connecticut and met with representatives of the Government.

  4. Mr. Guillen Zerpa now requests that the Court modify his conditions of release to remove the requirement that he be subject to house arrest, and allow him to be subject to a curfew from 8:00 p.m. to 8:00 a.m. Eastern Standard Time. This curfew will be enforced by electronic monitoring administered by the Pretrial Services Office in Miami. Counsel for Mr. Guillen Zerpa and counsel for the Government have conferred with the Probation Office in Connecticut and the Pretrial Services Office in Miami, and both of those offices have no objection to the modification proposed herein. The Pretrial Services Office in Miami, which is directly overseeing the electronic monitoring as a courtesy to this Court and Mr. Guillen Zerpa, has also indicated that the proposed modification will lessen their burden of supervision of the defendant. All other conditions of Mr. Guillen Zerpa's release previously imposed by this Court would otherwise remain in full force and effect.

  5. In addition, there are other, personal considerations that support modifying the conditions of Mr. Guillen Zerpa's release as set forth above. As the Court is aware from its canvass of the defendant at the time of the guilty plea, Mr. Guillen Zerpa has two daughters, ages 12 and 9, who reside with his ex-wife in Venezuela. His daughters are planning to visit and stay with their father in Miami for approximately one month beginning in July, 2011. House arrest will effectively prevent Mr. Guillen Zerpa and his daughters from spending any real quality time together for the time that they are visiting their father. Alternatively, curfew in place of house arrest would, in addition to lessening the Southern District of Florida's already robust electronic monitoring burden, further allow Mr. Guillen Zerpa and his children to spend time together outside the confines of his apartment.

6. As this Court is also aware, Mr. Guillen Zerpa's wife, Rosa Cedeno, is serving as his third-party custodian. Ms. Cedeno must travel to Venezuela for several reasons. First, Ms. Cedeno has a multiple entry United States Visa that requires her to travel back to Venezuela within six (6) months, and then return to the United States to continue the validity of her Visa. Second, Ms. Cedeno has been continuously in the United States since March 1, 2011, when she accompanied Mr. Guillen Zerpa on the trip to Miami that resulted in his arrest; and she presently needs to take care of a variety of business and personal matters in Venezuela. Third, at the conclusion of her trip to Venezuela, she will be escorting Mr. Guillen Zerpa's daughters from Caracas to Miami to visit their father. As the children are 12 and 9 years old, they cannot (and would not) travel internationally without an escort. Because Ms. Cedeno has an excellent relationship with the girls as their step-mother, she is an appropriate person to escort them. While Ms. Cedeno is not limited in her travel by the Court, she is serving as Mr. Guillen Zerpa's third party custodian. Counsel for Mr. Guillen Zerpa has consulted with counsel with the Government and they have no objection to Ms. Cedeno's travel for these purposes. Because of her role as a third-party custodian, however, the parties agreed that it would be best to advise the Court of her plans to travel. Ms. Cedeno plans to travel to Venezuela in early July and stay there for approximately one week, after which time she will return to the United States with Mr. Guillen Zerpa's daughters. She will then escort the girls back to Venezuela. In the event the Court grants this motion, counsel will keep the Government fully advised of her specific travel arrangements.

For all of the above reasons, Mr. Guillen Zerpa respectfully requests, with the consent of the Government, the District of Connecticut Probation Office and the Southern District of Florida Pretrial Services Office, that the conditions of his release be modified such that the

conditions of house arrest be eliminated and replaced with a curfew from 8:00 p.m. to 8:00 a.m. that will be electronically monitored for the duration of his time on release; and, that Ms. Cedeno be allowed to travel to Venezuela for the purposes set forth above. Miami counsel for Mr. Guillen Zerpa will, of course, continue to maintain control of Mr. Guillen Zerpa's passport at all times.

WHEREFORE, Mr. Guillen Zerpa respectfully requests that his Motion to Modify the Conditions of Release be granted as set forth herein.

Respectfully submitted,

By: ____/s/_____
Robert I. Targ
Diaz, Reus & Targ, LLP
Miami Tower, Suite 2600
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050
rtarg@diazreus.com

By: _____/s/_____
James K. Filan (ct 15565)
Filan LLC
315 Post Road West
Westport, CT  06880
(203) 557-9159
(203) 341-8560 fax
jfilan@jamesfilan.com

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Motion to Modify Conditions of Release was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


                ____/s/_____
                James K. Filan